Filing # 74871301 E-Filed 07/12/2018 05:34:38 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA
CIVIL DIVISION

PIERRE ALEXANDER, an individual,

    Plaintiff,

v.

Case No.: 2018-CA-001857-16-W

JP MORGAN CHASE BANK, N.A.,
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Pierre Alexander (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files his Complaint and sues Defendant, JP Morgan Chase Bank, N.A. (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages for Defendant's violations of the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

2. Additionally, this is an action for Defendant's calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, despite Defendant lacking Plaintiff's consent to make such calls to his cellular telephone.

### JURISDICTION, VENUE & PARTIES

3. This is an action for damages that exceeds $15,000.00, exclusive of attorneys' fees and costs.

4. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 47.011, as well as 47 United States Code, Section 277(b)(3).

5. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this Circuit as the events described herein occur in this Circuit.

6. Venue in this Circuit is proper because Defendant transacts business in this Circuit, and the Defendant's principal place of business is in this Circuit.

7. At all material times herein, Plaintiff is an individual residing in Seminole County, Florida.

8. At all material times herein, Defendant is a foreign limited liability company existing under the laws of the state of Delaware that is engaged in business in Florida, but with its principal place of business located at 270 Park Avenue, New York, New York.

## TCPA STATUTORY STRUCTURE

9. Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

10. Congress found that "[u]nrestricted telemarketing...can be an intrusive invasion of privacy..." and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* at (5) and (12).

11. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

12. Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. *Id* at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

13. At all material times herein, Defendant used interstate mail while engaging in a business, the principal purpose of which is the collection of consumer debts allegedly due another.

14. At all material times herein, Defendant is an entity who regularly collect or attempt to collect, directly or indirectly debts owed or due, or asserted to be owed or due, to another from consumers in Seminole County, Florida.

15. At all material times herein, Defendant acted itself, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers and insurers.

16. At all times material herein, Defendant attempted to collect an alleged debt due from Plaintiff, specifically an alleged residential home loan (hereinafter, "Debt").

17. At all material times herein, the Debt was consumer debt, an obligation resulting from a transaction or transactions for goods or services, and was incurred primarily for personal, household, or family use.

18. At all material times herein, Defendant received or was assigned the Debt for collection—and at all times herein collected the Debt—after the Debt was in default.

19. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

20. On or about March 31, 2006, Plaintiff purchased a home in Altamonte Springs, FL, located on Cranes Circle. (hereinafter, "Home").

21. Sometime during the life of the loan servicing was transferred to Defendant, JP Morgan Chase Bank N.A.

22. Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number ending -3959 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), and/or an artificial or pre-recorded voice (hereinafter, "APV").

23. Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number ending -3959.

24. At no time herein did Defendant possess Plaintiff's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, and/or an APV.

25. Additionally, if Defendant contends the below-referenced phone calls were placed for "informational purposes only," it nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

26. Further, if Defendant contends it had such consent, such consent was revoked by Plaintiff on numerous occasions.

27. On numerous occasions, between April 2012 and July 2018, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

28. The immediately-aforementioned calls were made in an attempt to collect the Debt.

29. Plaintiff has received no less than ten (10) calls from Defendant on his Cellular Telephone using an ATDS, a PTDS, or an APV.

30. Additionally, Defendant intentionally varies the phone numbers from which it places its calls such that Plaintiff was unable to identify each and every phone number Defendant used to place calls to his Cellular Telephone using an ATDS, a PTDS, or an APV.

31. Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics on each and every call made to Plaintiff. Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the total calls he is aware of that each caused stress, anxiety, and inability to use his Cellular Telephone when Defendant made such calls, all made in violation of the TCPA. Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

32. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

33. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

**COUNT ONE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**<u>VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)</u>**

Plaintiff re-alleges paragraphs one (1) through thirty-three (33) as if fully restated herein and further states as follows:

34. Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, and/or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

35. More specifically, Defendant used an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone *at least* ten (10) times in its attempt to collect the Debt.

36. At no time did Defendant possess Plaintiff's prior express consent to call Plaintiff on his Cellular Telephone.

37. Additionally, if Defendant contends these phone calls were made for "informational purposes only," it nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's cellular phone using and an ATDS, a PTDS, or an APV.

38. As a direct and proximate result of the immediately-aforementioned Defendant's conduct, namely on each of the Debt collection calls made, Plaintiff suffered:

    a. the periodic loss of his Cellular Telephone service;

    b. lost material costs associated with the use of peak time Cellular Telephone minutes allotted under his Cellular Telephone service contract;

    c. expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

    d.    stress, anxiety, loss of sleep, invasion of privacy, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e.    statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's actions and conduct, Plaintiff respectfully requests against Defendant entry of:

    a.    Judgment against Defendant declaring that Defendant violated the TCPA;

    b.    Judgment against Defendant for injunctive relief for PRA's continued violations of the TCPA;

    c.    Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

    d.    Judgment against Defendant for treble statutory damages in the amount of $1,500.00 for each of Defendant's telephone calls that violated the TCPA for which Defendant acted knowingly and/or willingly;

    e.    Judgment for actual damages in an amount to be determined at trial;

    f.    Judgment for an award of reasonable attorneys' fees and costs; and

    g.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

39.    Plaintiff hereby demands a trial by jury on all issues triable by right

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

40. Plaintiff hereby gives notice to Defendant, and demands that it and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**CONSUMER LAW ATTORNEYS**

*/s/ Young Kim*
**Young Kim, Esq., FBN 122202**
2325 Ulmerton Rd., Ste. 16
Clearwater, FL 33762
Phone: (877) 241-2200
Email(s): service@consumerlawattorneys.com
ykim@consumerlawattorneys.com
maponte@consumerlawattorneys.com
*Attorneys for Plaintiff*